IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT-COLON<br><br>*Plaintiff,*<br><br>v.<br><br>KIMCO PR MANAGEMENT CORP. ET AL.,<br><br>*Defendants.* | CIVIL NO. 22-1055 (DRD) |

**OPINION AND ORDER**

Pending before the Court is co-defendant Oriental Bank's *Renewed Motion to Dismiss* (Docket No. 124)[1] and co-defendant Me Salvé, Inc.'s Motion to Dismiss the Second Amended Complaint (Docket No. 126). Plaintiff filed his oppositions thereto. (Docket Nos. 141 and 142).[2] For the reasons discussed herein, the Court **grants in part and denies in part** the motions to dismiss.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On February 10, 2023, Plaintiff Faustino Xavier Betancourt-Colon ("Plaintiff") filed a second Amended Complaint against Kimco PR Management Corp., Pueblo Inc. Next G, Corp., Fortune Lie Corporation, Oriental Bank, Firstbank Puerto Rico, Me Salve Inc. ("Me Salvé"), and Banco Popular de Puerto Rico (collectively, "Defendants") alleging violations of the provisions of Title III Americans with Disabilities Act of 1990 ("ADA")[3]. (Docket No. 118). Plaintiff alleges that

---

[1] Relevant to the procedural history of this case is that on May 2, 2022, Plaintiff filed an Amended Complaint. (Docket No.58). Co-defendants Holsum, Me Salve and BPPR filed motions to dismiss the same. (Docket Nos. 56,73 and 74) Co-defendant Oriental Bank filed a *Joinder to the Motions to Dismiss* at Docket Nos. 73 and 74. (Docket No. 87) Plaintiff requested leave to file a second amended complaint. (Docket No. 80) The Court granted Plaintiff's leave to file a second Amended Complaint and the motions were denied without prejudice by the Court. (Docket No. 116)
[2] Me Salvé filed a Reply Brief in Further Support of Motion to dismiss the Second Amended Complaint. (Docket No. 148) Plaintiff filed a surreply. (Docket No. 153)
[3] 42 U.S.C. §§ 12101, *et seq.*

Defendants have denied full and equal enjoyment and use of public facilities by failing to remove architectural barriers, design and construct an accessible facility, make an altered facility accessible, and modify existing policies and procedures at the building, structure, facility, complex, property, land, development, and surrounding parking lot known as Plaza Trujillo Alto.

In the Amended Complaint, Plaintiffs alleges that he suffers from the following physically disabling conditions: congestive heart failure, hydrocephalus, diabetes, abnormalities of the feet, and obesity. (Docket No. 118 at 4).  Plaintiff alleges that he owns and frequently uses an electric wheelchair and scooter for mobility, because these impairments make it difficult to walk, stand, bend, or maintain balance. Plaintiff is registered as an individual with disabilities with the Department of health of Puerto Rico and owns a valid handicapped parking permit issued by the Department of Transportation of Puerto Rico and Public Works of Puerto Rico. This license allows Plaintiff to legally park in parking spaces designated as accessible and for use by persons with disabilities. Id. at 6.

Plaintiff lives in San Juan, approximately 2.6 miles away from the Plaza Trujillo Alta, where the businesses and public accommodations Trujillo Alto Plaza, Pueblo Supermarket, Farmacia Savia, Fortune China, Oriental Bank, Firstbank, Me Salve, and Banco Popular (collectively, "the Facility") are located. Id. at 7.  Plaintiff alleges that he travels to the Facility frequently for shopping purposes. Specifically, Plaintiff alleges that on October 29, 2021 he visited the Facility and identified that each of the businesses listed above have design or architectural elements that Plaintiff alleges violate the ADA.

With regard to Oriental Bank, Plaintiff specifically claims the following allegations:

"As to Oriental Bank, the entrance doesn't comply with the applicable regulation, since doors must be modified so that (i) no more than 5 lbs. of maximum pressure is needed to operate and so that (ii) panic hardware does not requires more than 15 lbs. to release; and (ii) remediate the bottom 10 in. of door so it has a smooth uninterrupted surface extending the full width of the door or gate; and so that parts creating horizontal or vertical joints in these surfaces shall be within 1/16 of an inch

of the same plane as the other. (see Paragraph 14 (i) of the Second Amended Complaint, Docket No. 118)

"As to Oriental Bank, the teller counter, the top of the counters is higher than 36 inches above the finished floor." (see Paragraph 14 (j) of the Second Amended Complaint, Docket No. 118)

With regard to Me Salvé, Plaintiff specifically claims the following allegations:

(m) As to Me Salve, the entrance doors must be modified so that (i) no more than 5 lbs of maximum pressure is needed to operate and so that (ii) panic hardware does not requires more than 15 lbs to release; and (ii) remediate the bottom 10 in. of door so it has a smooth uninterrupted surface extending the full width of the door or gate; and so that parts creating horizontal or vertical joints in these surfaces shall be within 1/16 of an inch of the same plane as the other. (see Paragraph 14 (m) of the Second Amended Complaint, Docket No. 118)

(n) As to Me Salve, the top of the service and checkout counter is higher than 36 inches above the finished floor. In addition, the counter is obstructed with movable objects. (see Paragraph 14 (n) of the Second Amended Complaint, Docket No. 118)

(o) As to Me Salve, the hallways and common areas of the Me Salvé store lack a space of at least 36" to allow for adequate mobility inside the Me Salvé store, which is substantially inconsistent with the applicable standards. ADAAG 2010 § 403.5.1… (see Paragraph 14 (o) of the Second Amended Complaint, Docket No. 118)

In its motion to dismiss, co-defendant Oriental Bank argues that Plaintiff's complaint lacks the basic elements needed to show any plausible relief. In particular, that the Complaint contains "generalized, boilerplate allegations that cannot serve as the basis for the relief sought by the Plaintiff against Oriental." (Docket No. 124) Likewise, Me Salvé argues that Plaintiff's "third attempt still lacks the requisite facially plausible allegations supporting a Title III prima facie claim." (Docket No. 126). Me Salvé argues that Plaintiff failed to: (1) connect his alleged impairments to the purported ADA violations; (2) the allegations regarding the ADA violations remain conclusory and rely on impermissible group pleading; (3) failed to establish that removing the alleged violations is readily achievable and (4) failed to plead having made the requisite pre-suit request to modify any alleged discriminatory policy or practice. (Docket No. 126).

## II. STANDARD OF REVIEW

### A. FED R. CIV. P. 12(B)(6)

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting Twombly, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see e.g. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 678. Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader

is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing Twombly, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez, 640 F.3d at 12, (citing Iqbal, 556 U.S. 679); Sanchez v. Pereira-Castillo, 590 F.3d 31, 45 (1st Cir. 2009).

## III.   DISCUSSION

### A. Sufficiency of Plaintiff's Claims

The ADA was enacted by Congress "to address the major areas of discrimination faced day-to-day by people with disabilities, hoping to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individual." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 303 (1st Cir., 2003) (quoting 42 U.S.C. § 12101(a)(6), § 12101(b)(4))(Internal citations omitted ). Title III of the ADA provides a general rule as to the accommodation of disabled individuals in public places, stating that:

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a)

In order to establish a *prima facie* case pursuant to Title III of the ADA, the plaintiff must demonstrate that (1) he or she has a qualified disability under the ADA (2) that the defendant operates a place of public accommodation, and (3) that the plaintiff was discriminated against as a result of his or her disability. See Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004); Marradi v. K & W Realty Inv. LLC, 212 F.Supp.3d 239, 245 (D. Mass. 2016); Disabled Ams. for Equal Access, Inc. v. Compra Hosp. Pavia Inc., Civil No. 02-1639, 2004 WL 5568603, at *6 (D.P.R. Aug. 27, 2004) (Dominguez, J.). Me Salvé and Oriental Bank argue that the Amended Complaint fails to plead a facially plausible claim upon which relief can be granted. The

Court will examine each of these elements to determine whether Plaintiff has pled sufficient facts to withstand a Rule 12(b)(6) motion.

The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities ...; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1). Catala-Torres v. LifeLink Found., Inc., 2022 WL 1620304, at *3 (D.P.R. May 23, 2022) In the Amended Complaint, Plaintiff claims having congestive heart failure, hydrocephalus, diabetes, abnormalities of the feet, and obesity. (Docket No. 118 at 4). Plaintiff has stated that as a result, he is limited in the following major life activities: walking, standing, bending, and maintaining balance. (Docket No. 118 at 5) The Court is satisfied that Plaintiff has sufficiently alleged he is an individual qualified with a disability pursuant to the ADA.

The second requirement to bring a claim under Title III of the ADA is that a defendant "owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Pursuant to the statute, public accommodation includes "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." 42 U.S.C. § 12181(7)(e). The statute also includes banks as a place of public accommodation. 42 U.S.C. § 12181(7)(f). Defendant Me Salvé is owner, lessor, lessee, and operator of a retail store, encompassed within the statutory definition of public accommodation. (Docket No. 118 at p. 4) Defendant Oriental Bank is the owner, lessor, lessee, and operator of a commercial bank, also within the statutory definition of public accommodation. Id. at 3. Accordingly, Plaintiff has fulfilled the second requirement.

Lastly, a plaintiff must establish he or she was discriminated against on the basis of his or her disability. 42 U.S.C. § 12182(a). Disability discrimination exists when an entity fails "to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, here Plaintiff

must show (1) the existence of barriers, (2) Defendants' failure to remove them, and (3) that removal is readily achievable. "The term 'readily achievable' means easily accomplishable and able to be carried out *without much difficulty or expense*." Id. § 12181 (9). Factors to consider include:(A)the nature and cost of the action needed under this chapter; (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities ....Id. If removal is not readily achievable, discrimination nonetheless occurs if the entity fails "to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." Id. § 12182(b)(2)(A)(v) Co-defendant Me Salvé argues, among other things, that Plaintiff: (1) failed to connect his alleged impairments to the purported ADA violations. (Docket No. 126 at 1) Plaintiffs alleged mobility limitations, and frequent use of electric wheelchair and scooter for mobility. Once again, the Court draws on its "experience and common sense" to conclude that the alleged violations can interfere with (or deny) access to a physically disabled person such as Plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)

Me Salvé also argues that Plaintiff failed to establish that removing the alleged violations is readily achievable. (Docket No. 126 at 1) In his Amended Complaint, Plaintiff alleges that "… Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so." (Docket No. 118 at 23) Although Plaintiff fails to specifically explain how each of the barriers can be easily removed, at this stage he only needs to allege a plausible claim that their removal is readily achievable. See, Medina-Rodriguez v. Fernandez Bakery, Inc., 255 F. Supp. 3d 334, 343 (D.P.R. 2017) After a careful review of the alleged architectural barriers, the Court

draws from "its judicial experience and common sense" to determine the plausibility of their removal. Torres v. Junto De Gobierno De Servicio De Emergencia, 91 F. Supp. 3d 243, 249 (D.P.R. 2015) (citing Ashcroft v.Iqbal, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The Court considers that the alleged barriers are readily achievable. For example, modifying door hardware, removing objects from counter, relocating objects and as Plaintiff suggests, moving racks to make room in hallways and common areas.

Because the complaint sets forth architectural barriers in violation of the ADA, each of which may be removed, Plaintiff has pled sufficient facts to bring a Title III ADA claim. Accordingly, the Rule 12(b)(6) motion is **DENIED.**

### B. Group pleading

Ordinarily, a 'complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally.'" Figueroa Collazo v. Ferrovial Construccion PR, LLC, 20-cv-1612, 2021 WL 4482268, at *9 (D.P.R. Sept. 30, 2021) (quoting Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)). "Therefore, '[w]hile [a] 'group pleading' is not prohibited per se, the complaint must allege a plausible claim against each defendant.'" Figueroa Collazo, 2021 WL 4282268 at 9 (quoting Whiman & Co., Inc. v. Longview partners (Guernsey) Ltd., 14-cv-12047, 2015 WL 4467064, at *10 (D. Mass. July 20, 2015)). "The question before the Court is whether, as to each defendant, [the] plaintiff's pleadings are sufficient to state a claim on which relief can be granted." Figueroa Collazo, 2021 WL 4482268 at 9. "At the motion to dismiss stage a complaint generally will only be dismissed where it is 'entirely implausible' or impossible for the grouped defendants to have acted as alleged." Zond, Inc. v. Fujitsu Semiconductor Ltd., 990 F. Supp. 2d 50, 53 (D. Mass. 2014)

### C. Pre-litigation Request

Next, Me Salvé argues that Plaintiff's Title III claims should be dismissed because Plaintiff failed to plead that he made a pre-litigation request for reasonable modification pursuant to the prima facie case under Title III of the ADA. Specifically, Me Salvé argues that Plaintiff failed to make a pre-litigation request to Me Salvé, or any other defendant for that matter, to modify any alleged unlawful policies and procedures. Plaintiff responds that he is not required to do so since he does not invoke a cause of action for failure to "make reasonable modifications" in policies, practices, or procedures." 42 U.S.C. § 12182(b)(2)(A)(ii). Rather, Plaintiff pleads alternative claims for three claims in total under Title III of the ADA: (1) Failure to remove architectural barriers in an existing facility when the removal of those barriers was readily achievable in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) and § 12182(b)(2)(A)(v); (2) failure to design and construct an accessible facility in violation of 42 U.S.C. § 12183(a)(1); and (3) failure to alter a facility in a way so that it is readily accessible to individuals with disabilities in violation of 42 U.S.C. § 12183(a)(2). Finally, Plaintiff's response includes a footnote waiving a cause of action under 42 U.S.C. § 12183(a)(2). (Docket No. 141, p. 19, fn 5)

However, as Me Salvé point out in its *Reply Brief in Further Support of its Motion to Dismiss*, Plaintiff's second amended complaint does in fact allege that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility. (Docket No. 148 at 7) Plaintiff's waiver does not specify if such waiver is with prejudice or not. Me Salvé argues that his failure to comply with the pre-suit notice requirement calls for dismissing this cause of action with prejudice instead. Id.  The Court agrees.  Pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii), a person with a disability is required to request a reasonable and necessary modification, thereby informing the operator of a public accommodation about the disability." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 309 (1st Cir. 2003); Martinez v. Natl. U. College, 18-cv-1975 (DRD), 2020 WL 1933646, at *4 (D.P.R. Apr. 21, 2020) ("In order for a plaintiff to

succeed in his Title III claim ... he must make a six-part showing: ... (4) that [the plaintiff] 'requested a reasonable modification in that policy or practice which, if granted, would have afforded him access to the desired goods' ...") See, Betancourt Colon v. Puerto Rico Convention Ctr. Dist. Auth., No. CV 22-01288 (MAJ), 2023 WL 5163320, at *4 (D.P.R. Aug. 11, 2023)

The Amended Complaint does not state that Plaintiff made such request. Although Plaintiff, after expressly alleging a violation under said provision, later waived his cause of action under the same. The Court, for the record, rules that Plaintiff's claims for reasonable accommodations pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) are hereby **DISMISSED WITH PREJUDICE.** Accordingly, the Court **GRANTS IN PART** Me Salvé's motion to dismiss.

### IV.   CONCLUSION

For the aforementioned reasons, the Motions to Dismiss filed by Oriental Bank and Me Salvé are **GRANTED IN PART AND DENIED IN PART**. Accordingly, 42 U.S.C. § 12182(b)(2)(A)(ii) are hereby **DISMISSED.** The remaining requests to dismiss Plaintiff's Amended Complaint contained in both Defendants' Motions to Dismiss are **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September 2023.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge